UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WESTLEY JOHNSON,

    Plaintiff,

v.

BELLA PIATTI, *et al*.,

    Defendants.

Case No. 5:19-cv-13461
District Judge Judith E. Levy
Magistrate Judge Anthony P. Patti

_____/

## ORDER CONDITIONALLY GRANTING, IN PART, PLAINTIFF'S MOTIONS TO APPOINT COUNSEL (ECF Nos. 21, 24)

**A.    Background**

Westley Robert-Thomas Johnson is currently incarcerated at the Michigan Department of Corrections (MDOC) Bellamy Creek Correctional Facility (IBC). (ECF No. 13.) He appears to have been in the MDOC's custody since December 5, 2018.[1]

The alleged facts underlying this lawsuit concern the events of April 2018 – when Plaintiff was hired as a "food runner/server assistant" at Bella Piatti – through the time he quit his job. (ECF No. 1, PageID.3-5 ¶¶ 12-29.) He claims to

---

[1] (*See* www.michigan.gov/corrections, "Offender Search," last visited May 10, 2021.) It seems that Plaintiff is currently serving an enhanced sentence imposed in state court on November 28, 2018. (*Id*.; *People v. Johnson,* Case No. 18-267928-FC (Oakland County) (Mich. Comp. Laws §§ 750.529, 769.12).)

1

have received his Equal Employment Opportunity Commission (EEOC) right-to-sue letter on August 22, 2019. (*Id*., PageID.5 ¶ 30.)

On November 22, 2019, while incarcerated at MDOC G. Robert Cotton Correctional Facility (JCF), Johnson filed the instant lawsuit against: (1) Bella Piatti, which is described as an Italian restaurant; (2-3) Nino Caturo and Liz Caturo, who are described as owners; (4) Kevin Mazziota, who is described as the General Manager; and, (5-9) five John Does. (ECF No. 1.)

B. **Service of process**

On April 27, 2020, Judge Levy referred this case to me for pretrial matters. At that point, this state – and much of our world – was amidst the COVID-19 pandemic, which undoubtedly had an effect upon the U.S. Postal Service and the speed with which non-electronically filed matters were posted to the Court's docket. Nonetheless, the docket indicates that the Clerk of the Court received service documents in August 2020. On September 9, 2020, summonses were issued and service of process documents were delivered to the U.S. Marshals Service (USMS). (ECF Nos. 17, 18.)

The named Defendants were served on November 10, 2020. (ECF No. 23.) On December 17, 2020, counsel filed an appearance and the named Defendants filed an answer. (ECF Nos. 19, 20.) Pursuant to the January 5, 2021 initial

scheduling order, the discovery deadline is July 12, 2021 and the dispositive motion deadline is August 12, 2021. (ECF No. 22.)

C. **Pending Matters**

Currently before the Court are: (1) Plaintiff's initial motion for appointment of counsel, which is dated November 30, 2020 and post-marked December 8, 2020 (ECF No. 21); and, (2) Plaintiff's second motion for appointment of counsel, which is dated and post-marked February 5, 2021 (ECF Nos. 24).

D. **Standard**

Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides that "[t]he court *may request* an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). However, even if the circumstances of Plaintiff's case convinced the Court to engage in such a search, "[t]here is no right to recruitment of counsel in federal civil litigation, but a district court has discretion to *recruit counsel* under 28 U.S.C. § 1915(e)(1)." *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014) (emphasis added); *see also Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) ("Congress hasn't provided lawyers for indigent prisoners; instead it gave district courts discretion to ask lawyers to volunteer their services in some cases."). The appointment of counsel in a civil case, therefore, "is a privilege not a right." *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (internal quotation omitted).

The Supreme Court has held that there is a presumption that "an indigent litigant has a right to appointed counsel only when, if he loses, he may be deprived of his physical liberty." *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 26-27 (1981). With respect to prisoner civil rights cases in particular, the Court of Appeals for the Sixth Circuit has held that "there is no right to counsel. . . . The appointment of counsel in a civil proceeding is justified only by exceptional circumstances." *Bennett v. Smith,* 110 F. App'x 633, 635 (6th Cir. 2004) (citations omitted).[2] Accordingly, although the Court has the statutory authority to request counsel for *pro se* plaintiffs in civil cases under 28 U.S.C. § 1915(e), the exercise of this authority is limited to exceptional situations.

In evaluating a matter for "exceptional circumstances," a court should consider: (1) the probable merit of the claims, (2) the nature of the case, (3) the complexity of the legal and factual issues raised, and (4) the ability of the litigant to represent him or herself. *Lince v. Youngert*, 136 F. App'x 779, 782 (6th Cir. 2005); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993); *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003).

**E.     Analysis**

---

[2] As noted above, although some of the case law colloquially discusses the Court's "appointment" of counsel in prisoner rights cases, under 28 U.S.C. § 1915 the Court may only request that an attorney represent an indigent plaintiff.

Plaintiff makes several allegations in support of his requests. (ECF No. 21, PageID.61-63; ECF No. 24, PageID.80-84.) To summarize, his initial motion to appoint counsel, filed five months ago, concludes: "I humbly ask that I please be appointed a lawyer to represent me. I have COVID, I cannot go to the law library since my prison is locked down, and this is a[n] employment discrimination case regarding events that transpired <u>prior</u> to my incarceration." (ECF No. 21, PageID.63.) His second motion to appoint counsel, filed three months ago, concludes with some specific requests, namely asking the Court to recruit counsel to:

- represent him in connection with this matter;

- represent him in settlement negotiations;

- assist him with filing a motion to amend his complaint; and,

- assist him with responding to "the motion to dismiss the defendants will file if [he] do[es] not accept $1,000 to resolve this legitimate lawsuit."

(ECF No. 24, PageID.84.)

Generally, due to the limited number of *pro bono* counsel who are willing and available and the large number of prisoners who would like the help of volunteer attorney services, the Court waits to seek *pro bono* counsel for Plaintiff until the dispositive motion deadline has passed and/or any of Plaintiff's claims survive dispositive motion practice. However, Plaintiff's representations about

Defendants' attempt(s) to settle and/or Plaintiff's own willingness to engage in settlement discussions convince the Court that it may well be judicially efficient for the Court to attempt to recruit counsel at this time for the limited purpose of engaging in settlement discussions.

**F.    Order**

Upon consideration, Plaintiff's December 8, 2020 and February 5, 2021 motions for the appointment of counsel (ECF Nos. 21, 24) are **CONDITIONALLY GRANTED** to the extent Plaintiff seeks recruitment of counsel for the purpose of engaging in settlement discussions, which the Court will endeavor to facilitate via status or settlement conferences.  Accordingly, the Court will contact the U of D Mercy Law School Federal *Pro Se* Legal Assistance Clinic and/or the Court's *Pro Se* Case Administrator  to facilitate contact and determine a date for a settlement conference.  In any case, Plaintiff is always free to inquire on his own whether the U of D Mercy Law School Federal *Pro Se* Legal Assistance Clinic or some other source would be willing to assist him in other aspects of this litigation, including his expressed desire to amend his pleadings.

**IT IS SO ORDERED.**


Dated:     May 13, 2021

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE